IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **GERALD STONE**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:12-CV-4528-L** |
| | § | |
| **UNITED STATES DEPARTMENT OF JUSTICE,** | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant's Second Amended Motion to Dismiss and/or Alternatively Motion for Summary Judgment (Doc. 20), filed July 12, 2013. After carefully reviewing the motion, briefing, pleadings, and applicable law, the court **grants** Defendant's Second Amended Motion to Dismiss, **denies as moot** Defendants' Alternative Motion for Summary Judgment (Doc. 20), and **dismisses without prejudice** this action for lack of subject matter jurisdiction.

**I.  Factual and Procedural Background**

Plaintiff Gerald Stone ("Plaintiff" or "Stone"), who is proceeding *pro se*, brought this action against the Department of Justice ("the DOJ" or "Defendant") on November 9, 2012, for alleged violations of the Freedom of Information Act ("FOIA"). According to Plaintiff's Original Complaint ("Complaint") and the documents attached to his Complaint, Stone requested, on March 12, 2012, pursuant to FOIA, that the DOJ provide him with copies of "certain information and records that AUSA Tammy Reno used at [his criminal] sentencing in case #04-00318 in the Northern District

of Texas." Ex. to Pl.'s Compl. (Freedom of Information Act Appeal) (Doc. 3 at 6). According to Stone:

> This information, records, documentation, or other evidence included:
>
> 1) Any evidence that HUD suffered any monetary loss in this [criminal] case,
>
> 2) Any evidence that HUD was a statutory victim under 18 USC 3663A(c)(1)(B),
>
> 3) Any evidence that I was sentenced correctly under 18 USC 3663A(a)(1) since I was not convicted of any HUD related crimes, and,
>
> 4) Any evidence that AUSA Reno complied with 18 USC 3664(e) by providing the amount of any financial loss to any victim.

*Id.* The DOJ filed its amended motion for dismissal of Plaintiff's FOIA claim on July 12, 2013, contending that the court lacks jurisdiction or, even if the court has jurisdiction, it is entitled to judgment on Plaintiff's FOIA claim. The court addresses the DOJ's jurisdictional argument first, as it is dispositive of Plaintiff's FOIA claim.

## II.     Standard Applicable to Defendant's Rule 12(b)(1) Motion

A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject matter jurisdiction. Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims. *See Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). Under Rule 12(b)(1), a claim is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the claim. *Home Builders Assoc., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th

**Memorandum Opinion and Order – Page 2**

Cir. 1977). Considering Rule 12(b)(1) motions first "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.* When the court dismisses for lack of subject matter jurisdiction, that dismissal "is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id.*

The Fifth Circuit recognizes a distinction between a "facial attack" and a "factual attack" upon a complaint's subject matter jurisdiction. *See Rodriguez v. Texas Comm'n on the Arts*, 992 F. Supp. 876, 878 (N.D. Tex. 1998). "A facial attack requires the court merely to decide if the plaintiff has correctly alleged a basis for subject matter jurisdiction" by examining the allegations in the complaint, which are presumed to be true. *See id.* (citation omitted). A facial attack usually occurs early in the proceedings and directs the court's attention only to "the sufficiency of the allegations in the complaint because they are presumed to be true." *Patterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). If sufficient, those allegations alone provide jurisdiction; however, if the defendant supports the motion with evidence, then the attack is factual, and "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). In a factual attack, matters outside the pleadings, such as testimony and affidavits, may be considered. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). Moreover, a factual attack may occur at any stage of the proceedings. *Id.* In response to a factual attack, the plaintiff, as the party seeking to invoke jurisdiction, has the burden of submitting evidence and proving by a preponderance of the evidence the existence of subject matter jurisdiction. *Paterson*, 644 F.2d at 523. Regardless of the nature of the attack, "[t]he plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Rodriguez*, 992 F. Supp. at 879. "A case is

**Memorandum Opinion and Order – Page 3**

properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders*, 143 F.3d at 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)).

### III. Analysis

Defendant moved to dismiss for lack of subject matter jurisdiction because:

> no records have been improperly withheld by the DOJ. The DOJ's search revealed no responsive records to Stone's request, and as such, the DOJ is not improperly withholding agency records as required for the court to Defendant's Second Amended Motion to Dismiss and/or, Alternatively, retain subject matter jurisdiction. See 5 U.S.C. § 552(a)(4)(B). Therefore, Stone's Complaint must be dismissed for lack of subject matter jurisdiction. *See Goldgar v. Office of Admin., Executive Office of the President*, 26 F.3d 32, 34 (5th Cir. 1984) ("Plaintiffs who do not allege an improper withholding of agency records fail to state a claim for which a court has jurisdiction under the FOIA").

Def.'s Mot. 6-7. Alternatively, Defendant contends that even if the court determines that it has subject matter jurisdiction, it is entitled to summary judgment on Plaintiff's FOIA claim because "the DOJ's search revealed no responsive records to Stone's request, . . . no records have been improperly withheld[,]" and the affidavits submitted by it satisfy the requisite standard of reasonableness, that is, they establish "that it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Id.* at 7.

Plaintiff counters that Defendant's motion overlooks that he brought this action pursuant to FOIA because the DOJ is withholding and has failed to provide him with requested records pertaining to a restitution order that was entered in a criminal case against him. Plaintiff contends:

> The Government moves this Court to dismiss this case on the basis of its simple conclusory statement that "no records have been improperly withheld." Yet the Government found no reason to contact any of the six individuals listed in Plaintiff's Response with direct personal knowledge of the case, and has not provided any of the

**Memorandum Opinion and Order – Page 4**

>   evidence which must surely have existed in order to support the sentence of restitution.
>
>   The Court has to ask only one simple question of the Government: where is the evidence used to support the claim of loss in the amount of $672,221 to HUD? Either the Government is withholding evidence, or is perpetuating a fraud on the Court, denying Plaintiff's right to Due Process.

Pl.'s Am. Resp. 2-3.

Jurisdiction in a FOIA suit is based on the plaintiff showing that an agency improperly withheld records. *See Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980) ("Under 5 U.S.C. § 552(a)(4)(B), federal jurisdiction is dependent upon a showing that an agency has (1) 'improperly'; (2) 'withheld'; (3) 'agency records.' Judicial authority to devise remedies and enjoin agencies can only be invoked, under the jurisdictional grant conferred by § 552 if the agency has contravened all three components of this obligation.").

In support of its motion to dismiss, Defendant presented evidence that it searched for but was unable to locate any documents responsive to Plaintiff's request for records. Defendant's evidence also details the efforts taken by the DOJ in searching for the requested records. Defendant has therefore presented evidence that it has not improperly withheld agency records. Because Defendant's motion is supported by evidence, the attack is factual, and Plaintiff cannot rely on his pleadings; rather, Plaintiff was required to submit evidence and prove by a preponderance of the evidence the existence of subject matter jurisdiction. Plaintiff's two and one-half page response to Defendant's motion, however, consists merely of unsupported arguments. As a result, Plaintiff has not met his burden of coming forward with evidence that the DOJ improperly withheld agency records. Plaintiff has failed to prove that the court has subject matter jurisdiction over this FOIA action, and dismissal of this action for lack of jurisdiction is appropriate.

**Memorandum Opinion and Order – Page 5**

Moreover, as correctly noted by Defendant, even if the court had subject matter jurisdiction, dismissal of this action is appropriate because it is clear from Plaintiff's Complaint that this FOIA action was brought for the sole purpose of collaterally attacking the propriety of an order of restitution that was fully and finally decided in his prior criminal case. *See United States v. Stone*, 430 F. App'x 365, 367-68 (5th Cir. 2011). Having determined that the court lacks subject matter jurisdiction over Plaintiff's FOIA claim, the court need not address the parties' contentions as to whether Defendant is entitled to summary judgment and will deny as moot Defendant's request for summary judgment.

## IV. Conclusion

For the reasons herein stated, the court determines that it lacks subject matter jurisdiction over this action and Plaintiff's FOIA claim. The court therefore **grants** Defendant's Second Amended Motion to Dismiss, **denies as moot** Defendants' Alternative Motion for Summary Judgment (Doc. 20), and **dismisses without prejudice** this action for lack of subject matter jurisdiction.

**It is so ordered** this 28th day of March, 2014.

Sam A. Lindsay
United States District Judge